

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

January 6, 1939

Hon. J. D. Looney
County Auditor, Bowie County
Boston, Texas

Dear Mr. Looney:

                              Opinion No. O-07
                              Re: County Auditor's authority to
                                      approve salary warrants for
                                      greater amount than specified
                                      in budget.

       Your letter of December 29 addressed to former Attorney General William McCraw has been referred to the writer by Attorney General Gerald C. Mann.

       You wish to be advised whether as County Auditor you would have authority to approve salary warrants for any amount more than was specified in the 1939 county budget, if the new County Judge and new Commissioners do not approve a 15% reduction of salaries as specified in said budget.

       It is evident to the writer you had in mind section 12 of Chapter 206, General Laws of the Forty-second Legislature (1931) p. 339, part of which reads as follows:

> "When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

conditions which could not by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendments to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted."

Also, you doubtless considered your responsibility as County Auditor under the provisions of Art. 1666, R.C.S. 1925.

I direct your attention to Section 20-a of said section 12 of the General Laws of 1931, supra;:

"Nothing contained in this Act shall be construed as precluding the Legislature from making changes in the budget for State purposes or prevent the County Commissioners' Court from making changes in the budget for county purposes or prevent the governing body of any incorporated city or town from making changes in the budget for city purposes, or prevent the trustees or other school governing body from making changes in the budget for school purposes; and the duties required by virtue of this Act of State, County, City, and School Officers or Representatives shall be performed for the compensation now provided by law to be paid said officersrespectively."

It has also been held by the Courts where the Commissioners' Court has power to fix the compensation of an officer, it may change the amount at any time, even during his term of office. See 34 Tex. Jur 527 and cases cited.

You are accordingly advised that if the new Commissioners' Court properly passes orders changing the salaries of County Officers and their deputies, keeping within the statutory limits, it is our opinion you should approve the salary warrants; this despite the budget provisions fixed by the Court.

Trusting the above satisfactorily answers your inquiry, I am

Yours respectfully

ATTORNEY GENERAL OF TEXAS

(S) Benjamin Woodall

By

Benjamin Woodall
Assistant

APPROVED:
(S)GERALD C. MANN
ATTORNEY GENERAL OF TEXAS
BW:BT